**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

LILLIAS J. BRADY,    )
           )
   Appellant,   )
           )
   v.       ) C.A. No. N15A-11-003 JAP
           )
STATE OF DELAWARE   )
COUNCIL ON REAL ESTATE )
APPRAISERS,     )
           )
   Appellee.   )

# MEMORANDUM OPINION

This is an appeal from a decision of the Council of Real Estate Appraisers disciplining Lillias Brady. The Hearing Officer wrote an exhaustive 33 page Recommendation in which he detailed several errors and omissions by Ms. Brady "some of which could be viewed as misleading." The Hearing Officer recommended a 90 day suspension of Ms. Brady's license followed by a probationary period, a fine of $1000 and 18 hours of continuing education. Ms. Brady appealed to the Council on Real Estate Appraisers. In her appeal she admitted that "mistakes were made" and conceded that discipline was

in order. She begged the Council not to suspend her license because real estate appraising is her only source of income. In a display of lenity the Council chose not to suspend her license, but increased the recommended fine to $3000. Ms. Brady has appealed the Council's decision to this court. It is not entirely clear what she is arguing, but reduced to its essence her argument seems to be the Council did not discuss her sanction enough.

Some of Ms. Brady's problems stem from her appraisal of a Crown Carriage end unit model at Sea Colony development. When she appraised that property at $435,000, a loan officer considered her appraisal to be inconsistent and asked Ms. Brady's employer that it be redone. The employer responded that Ms. Brady had reviewed the documentation supporting her appraisal and found no change was warranted. Another appraiser was called upon to appraise the property which he valued at $618,000.

Ms. Brady's appraisal of the Sea Colony unit was filled with errors. For example, she concluded the unit had 3.0 bathrooms when publicly available information showed it had

3.1 bathrooms. The photographs in her report of the comparables she used were not, in fact, photographs of those comparables but were photographs of other condominiums. She misstated the square footage of the condominium and used different type condos for her comparables. In doing so she ignored recent sales of similar condominiums where the purchase price was considerably higher than the comparables she used.

Another appraisal, this one of a double lot located on Dover Street in Rehoboth, was also the subject of the disciplinary action against her. She admitted that this appraisal was "somewhat flawed" and "could have been deemed misleading." She told the Hearing Officer that this appraisal was "not truly representative of the overall quality and thoroughness" of her reports.

The evidence supporting Ms. Brady's errors was largely, if not entirely, uncontested. Much of the evidence before the Hearing Officer took the form of stipulated facts, and at the hearing Ms. Brady's counsel acknowledged that "several mistakes were made here."

The precise nature of Ms. Brady's arguments before this court is unclear. The caption to her argument in her Opening Brief is "The Board's Decision is not Supported by Substantial Evidence and Committed [sic.] Errors of Law," yet in her Reply Brief she writes "[t]o be clear, there is no dispute with the factual findings by the Hearing Officer." As best the court can tell, her argument seems to be that the Board did not articulate specific reasons for the punishment it imposed. She argues in one portion of her brief that "there was no substantive deliberation on any aspect of the case, mitigating factors, comparison to other cases and discipline meted out for example."

Ms. Brady points to no statutory or regulatory requirement that the Council actually discuss during deliberations "mitigating factors, comparison to other cases and discipline meted out." Indeed, it is not practicable to require discussion and consideration of specific topics by administrative boards. "[W]here the discretion to be exercised relates to police regulation for the protection of public morals, health, safety, or general welfare, and it is impracticable, to fix

4

standards without destroying the flexibility necessary to enable the administrative officials to carry out the legislative will, the legislation delegating such discretion without such restrictions may be valid."[1] Rather the test here is whether the Council abused its discretion. "An agency abuses its discretion only where its decision exceeds the bounds of reason in view of the circumstances."[2] Ms. Brady has failed to show that to be the case here.[3]

Ms. Brady points to the fact that the Council's order is signed only by the Council President and asserts, in a single sentence in her brief, that "the law further requires that the final order shall be authenticated by the signatures of at least a quorum of all agency members, unless otherwise provided by law." She is mistaken. The APA provides in pertinent part:

> When any professional licensing board or commission governed by Title 23, 24, or 28, and listed in § 10161(a) of this title reaches its conclusions of law and determines an appropriate disciplinary action, if any, the Board or Commission shall issue a written decision and order in accordance with this section. However, notwithstanding the provisions of

---

[1] *Atlantis I Condominium Ass'n v. Bryson*, 403 A.2d 711, 713 (Del. 1979) (quoting *State v. Durham*, 191 A.2d 646 (Del. Super. 1963)).

[2] *Cordero v. Gulfstream Development Corp.*, 256 A.3d 1030, 1034 (Del. 2012).

[3] The Council had before it the Hearing Officer's finding of mitigation factors such as the fact the appraisal of the condominium was done as a "drive by" under tight time constraints.

subsection (c) of this section, the decision and order may be issued over the signature of only the President or other officer of the Board.[4]

The decision of the Council on Real Estate Appraisers is therefore **AFFIRMED.**

_____
John A. Parkins, Jr.
June 21, 2016                                    Judge


oc:     Prothonotary

cc:     Donald L. Gouge, Jr., Donald L. Gouge, Jr., LLC,
        Wilmington, Delaware
        Stacey X. Stewart, DAG, Department of Justice,
        Wilmington, Delaware

---

[4]  29 *Del. C.* §10128(g).  The Council on Real Estate Appraisers is one of the agencies listed in 29 *Del. C.* § 10161(a), and therefore its orders may be signed by its president.